EASTERN DIST.
*March*, 1832.

**ROGERS ET ALS.** *vs.* **REYNOLDS ET ALS.**

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE

FOURTH PRESIDING.

ROGERS ET ALS.
*vs.*
REYNOLDS
ET ALS.

Where there are exceptions sufficient to authorise a dismissal of the suit, any thing said or done, in relation to others, cannot affect the rights of the parties.

When the creditors are represented as in a *concurso*, the right of proceeding against an insolvent, belongs exclusively to the syndics.

The facts are stated in the opinion of the court, delivered by *Mathews, J.*

This suit is brought by several of the creditors of William Huntstock, an insolvent debtor, in which they claim the avoidance of a mortgage, made by the insolvent in favor of the defendants, and also, the nullification of a judgment obtained against him, by confession on his part. The action is based on the provisions of the Louisiana Code, which authorise persons, not parties to contracts, to cause them to be avoided under certain circumstances, and particularly on the paragraph which grants this privilege to creditors, in relation to the contracts of their debtors. The defendants pleaded many exceptions to the right of action, assumed by the plaintiffs. Some of them were sustained, and the suit was dismissed, (others were overruled.) From this judgment of dismissal, the plaintiffs appealed.

The appellees complain of error, in the judgment of the court below, in overruling some of their exceptions, but as the suit was dismissed by sustaining others, we are of opinion, that the part of the decree, which relates to those exceptions overruled, can have no effect on the situation of the parties to the present action, in any future contest which may arise in relation the subjects of litigation, which were before the court of the first instance. After finding exceptions sufficient to authorise a dismissal of the suit, every thing said or done in relation to others, were acts of supererogation, and should be considered as having produced no effect.

Where there are exceptions sufficient to authorise a dismissal of the suit, any thing said or done in relation to others, cannot affect the rights of the parties.

This suit being commenced by some of the creditors of the insolvent, after the surrender of his property, and after the appointment of a syndic. The counsel for the defendants, in the court below, excepted to the right of the plaintiffs to pursue the former, alleging that this right of action, was vested by law in the syndic, as representing the mass of the creditors.

In support of this exception, reliance is had, principally on the *art.* 1965 *of the Louisiana Code,* which declares, that "the law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors, where there is any such cession, or other proceedings, by which they are collectively represented, an action to annul any contract made in fraud of their rights." The provisions of this article, are plain, they accord to individual creditors, the right of action recognized, only when there is not a *cessio bonorum* or other proceeding, which give to the mass of creditors a representation. By the terms of the law, this privilege is not granted to both the creditors and their representatives, when they are represented as in a *concurso.* In such a case, the right exclusively belongs to the latter. The mode of proceeding thus granted, avoids a multiplicity of actions, which by law, is held in abhorrence.

When the creditors are represented as in a *concurso* the right of proceeding against an insolvent, belongs exclusively to the syndics.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.